The first case today is number 24-1182, United States v. Hector Figueroa-Marbelt. At this time, would counsel for the appellant come to the podium and introduce herself on the record to begin. Good morning. My name is Laura Maldonado-Rodriguez and I represent Mr. Figueroa-Marbelt as appointed by this court. At this time, before we begin, I would like to ask for two minutes to be observed. You may. Thank you. May I ask you to pull the microphone closer? The indictment in this case charged RICO conspiracies. It charged conspiracies to distribute drugs, possession of weapons, and money laundering, and then a charge of engaging in the business of dealing with in firearms. And this is the only charge in which Mr. Figueroa-Marbelt was found in the indictment. He was not alleged to be a member of the prison gang, Los 27, the 27, or engaging in any other conduct that was charged within the indictment. At the end of the day, when they went to trial, they went to trial only on that count because everybody else pled guilty, including number 15, Mr. Elias Bosa, who was the co-defendant in the standalone engaging in the business of dealing in firearms without a license. And Mr. Elias Bosa... You don't have that much time, so I think you go right to your legal argument. Okay, so the evidence presented for the day of the transaction was against Mr. Figueroa. The day of the transaction, the recordings of the day of the transaction, his recording of turning the weapon over to the person that was buying it, his saying in this recording that, check it out and let me know if you need more. But that was the one day, December 6th. Let me ask you this because one of the things you focus on in your brief is the admission of the arrest evidence from the later... From September. From the September 21 charge. So I think the district court and the government both say that's intrinsic evidence of the indicted crime and also 404B. What's your best argument that the district court was wrong? Well, the district court at the beginning of the trial in ruling on the motion in limine said that that was intrinsic. But when the evidence was admitted during the trial, the trial court said that that was 404. And if you... From the reading of the record, it seems like the judge is thinking out loud, going through her thinking process. But at the end of the day, the instruction that is given, which is instruction number 17, that is found on the record and on the jury charge, points to this September evidence as 404. So why isn't it? Why isn't it 404B evidence? It isn't 404B evidence because the amount of time that went by, it was like two years after. And there is really no connection. If it would have been evidence of dealing in firearms, another act that could be attributed to that moment in time, which is the moment in time of December 6 of 2019 when the transaction was done, there would have been more to point that the defendant was possessing those firearms for dealing, for the possibility of dealing. But there is no evidence that there was that connection, that it could have been 404B. Counsel, are you really just relying on the gap in time? Because it seems to me that looking at the rest of the evidence, there is enough of a variety of firearms. There are the types of firearms that your client said he had available during the December 2019 interaction that was recorded. And so there are lots of other facts, I think, that would support viewing it the way that the district court did. So are you really just relying on the gap in time? And if so, what is your best case for us to conclude that it's just too long of a gap? I guess that Viaggen would be the best case. And also the fact that the government didn't even attempt to supersede, and it was just charged as a possession, in in furtherance of drug trafficking, because drugs were found in the house. I mean, if it would have been sufficiently connected to those facts to be 404, to be another act that can be connected to, it really should have been, there should have been more than just the possession. And perhaps that's not my best argument. What I would really like to focus on is in the government's argument, in closing argument, and the use of this evidence. Even if it was 404B, the government treated this evidence as evidence that was intrinsic to the offense. The government used it to talk about what the defendant was doing, what the defendant did. So even if this court finds that that was properly 404B evidence, and that the passage of time and the fact that there was no other real connection in acts, then I would have to say that the government improperly used that in closing argument. Was there an objection made to that? No sir, there was no objection made to that. Do you argue that it satisfies plain error? Yes your honor, I do. Do you want to just say a little bit how it... As Judge Rickleman said, the government had enough evidence. The government did not have to overstretch their argument, but that enough evidence could have been taken by the jury and say, you know what, no. This was only one transaction. The government did not have to use the 404B evidence if you decide that it was properly admitted as 404. The government did not have to use that in the way that they used it, to show propensity, to show this is who the defendant is, which was one of the expressions. This was evidence that was... Grilla and the defendant had this evidence, referring to the September 2021 arrest evidence. The government could not under 404B say, this firearms, these ones, the ones that they got in September, were Grillas and were part... Maybe I'm misremembering the record, but if we're on plain error, is it possible that statement, this is who he is, if you think about it as 404B evidence about motive, this is somebody who has this motive. Is that a possible construction of what the government was saying there? I think that the whole statement used by the government when they said, this is who he is, was also used in the sense of other sales, like this was for other sales with Grilla, and that was not part of the evidence. Thank you. Thank you, counsel. At this time, would counsel for the government please introduce yourself on the record to begin? Good morning, your honors. May it please the court, Jennifer Velez Perez for the United States. I'd like to start by clearing up the record. We believe that the record is very clear, that the evidence was admitted as intrinsic prior to trial, and then that the judge reiterated its holding that it was admitted as intrinsic and alternatively as 404B, and this applies both to the ATH model transactions and to the arrest evidence. Counsel, what about the jury instruction that your opposing counsel has referenced to indicate that in her view the judge sort of changed her mind over the course of the case after actually hearing the evidence come in? So right after the government and Mr. Figueroa rested on their case, the district court had a conversation with the attorneys and said, I have made on the record previous findings as to the evidence that we were to admit it as intrinsic evidence, that means direct evidence, or 404B, that it has special relevance. And then it goes on to say both the events of May 2020, which were closely related to the date of the indictment, were admitted as intrinsic, as well as this evidence, the September 16 arrest evidence. And then it says, but in this case, I think that the most favorable approach is to give them a cautionary instruction to the jury that if they consider that evidence as subsequent, even if admissible under 404, they can only use it for permissible purposes. And the court asked whether any of the attorneys had any objections, and they didn't. And in the end, this instruction went to the benefit of the defendant, because if there was any misunderstanding in the jury's mind, then they could only consider it for a permissible purpose. Second... I don't fully understand that instruction. That leaves it to the jury to decide whether it's 404 or intrinsic? Well, the court was very clear that it believed it was intrinsic because... But it's very clear then that it's treating the jury as free to treat it as not intrinsic. Well, it was instructing them in what it could not consider it for, which is propensity, but it was saying it's valid for many reasons, which is, it goes to the elements of the crime, such as... But it's effectively instructing the jury that it need not treat it as intrinsic. Correct? Well, in her discussion, she is not inconsistent in saying it goes to the elements. It goes to dealing and intent, and then she goes on to say, and the jury can easily infer permissible purposes under 404B, such as intent... But isn't the instruction saying to the jury, if it thinks it was too subsequent, it's then free not to treat it as intrinsic? If it was... If they consider it as a subsequent bad act... That's it, but they're not free to make that... I mean, that's what the... Isn't that for the judge to tell them how to treat it? And so the judge is either telling them, treat it this way or treat it that way. And if you say, I think it's this way, but you can treat it this way, effectively, we have to presume it was treated the way most favorable to the defendant, I think, for purposes of... Because if you followed the instruction, you would be free to treat it as not intrinsic, correct? I don't... I think there's a distinction there. I think... I don't see what... Just if you're a juror, and I'm just listening to that instruction, would I be free under that instruction? Would I be disregarding the instruction if I treat it as not intrinsic? No. I mean, you're just pretty clear, right? You wouldn't be disregarding the instruction. But in a sense... So in a sense, that goes to the even more limited purpose, but it doesn't mean that her ruling was incorrect or that the prosecutor was acting in a way that was... That we would just then assess, is it impermissible to use it as 404B? And then we would have the issue about whether the prosecutor, in closing, was now reverting back to an intrinsic treatment of the evidence, that the instruction effectively told the jurors, you can treat that as not intrinsic. So it's a bit... Well... It doesn't mean you lose. You still could be the case that it's appropriate under 404B and that it's not plain error what the prosecutor did and how it responded to it. Well, I think two points there. The defendant never challenged its admission as intrinsic below, and it doesn't even acknowledge on appeal that it was admitted as intrinsic. Secondly, it was discussed at various points prior to trial and during trial, the admissibility under 404B for a special relevance. 404B has a true two-prong analysis. First, whether it has special relevance, and then under Rule 403, whether it's unfairly prejudicial. The only challenge of the defendant made below was to 403, and we think under Acosta-Colon, it's conclusively waived at this point, because to argue the admissibility under 404B, the first prong... Even if you're right on all that, though, then that still leaves the prosecutor's statement. Well, if we look at the prosecutor's statements, they don't argue propensity. They don't argue an impermissible purpose. So even under Rule 404B, there's no error at all points. He is, you know, he's supporting the case and corroborating evidence that is uncontested. Just dealing with that phrase, that's who he is. I think they're saying that is propensity. Well, I think this court has said that we have to look at the context, especially on plain error review, and that it's not going to read into it the most damaging reading, and I think it's very important to look at the language that precedes that comment, and it says he is... One second, sorry. He is willing and capable of selling firearms for profit. That is who the defendant is. If you read the passage that directly precedes that, he's referring to the fact that that is exactly what the government has to prove, and it's arguing that it has proved that he is a firearms trafficker. So I think a very plausible reading is that this is not being used for propensity or character, and so it cannot be plain error. There's no clear or obvious error, and we believe that the evidence was very strong in this case, so there's no prejudice under the third prong either. Thank you. Thank you. At this time, would counsel for the appellant please reintroduce herself on the record. She's a two-minute rebuttal. Laura Maldonado on behalf of Mr. Figueroa Marbel. I just want to say that not even the May 20 evidence, when the May 20 evidence, which is the banking transactions, when those transactions were admitted, you will find at document 1215, that would be the transcripts, page 146 to 147, that the judge started her analysis talking about special relevance under the rules, and she ended up saying, and the participants involved here are the same ones, the defendant and the confidential source after the transfer, and under 404 goes to other elements that includes willfulness, knowledge, and intent. So it goes beyond propensity, and she is talking about the banking transactions also. So not only the weapons of September she admitted under 404, but also the banking transactions, and this is what I am talking about, about the court thinking for the record. Special relevance is the same language that this court used in Borudakis, which Borudakis, yes, that's the name of the case, in Borudakis to explain what 404 evidence is, and what is the balancing test that needs to be used for 404 evidence. Counsel, in terms of your 404 argument, however, the government has said that it's not preserved. I think there's a dispute between the two of you about what standard of review we're applying, and that the 403 objection that was made is not enough to preserve a 404 objection. Can you address that? Yes, I think that the objection that was made under 403 was proper to alert the court about the problem with the admission of 404. Why would that be so, Counsel? Because 403 can be made as an objection to any type of evidence. It doesn't at all need to be an objection to 404 evidence, so how would the district court have known that? Well, there is also, Counsel mentioning for the record, that there was a passage of time. This evidence was outside of the events charged in the indictment. Is there anything in the written opposition to the 404B notice that you can cite to? No, no ma'am. It was during the trial that he mentioned it. Thank you. Counsel, that concludes argument in this case.